UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| NUBIAN NUH MOHAMMED, | ) |
| Plaintiff, | ) ) ) ) |
| v. | ) Civil Action No. 1:24-cv-11066-AK ) |
| UNIVERSAL PROTECTION SERVICE, LLC d/b/a ALLIED UNIVERSAL SECURITY SERVICES, | ) ) ) ) |
| Defendant. | ) ) ) |

## MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS

**ANGEL KELLEY, D.J.**

Plaintiff Nubian Nuh Mohammed ("Plaintiff") brings this suit pro se against Defendant Allied Universal Security Services ("Defendant") for allegedly updating employment documents with his legal name without his permission. [Dkt. 1]. Specifically, Plaintiff alleges claims for: (1) identity fraud pursuant to M.G.L. c. 266, § 37E(b); (2) negligence; and (3) discharge due to filing a complaint pursuant to M.G.L. c. 149, § 105B. Plaintiff filed a Motion to Correct Clerk Case Designation, Motion to Reassign Case, and a Motion to Disqualify Counsel. [Dkts. 6, 7, and 8]. Defendant filed a Motion to Dismiss. [Dkt. 9]. For the following reasons, Defendant's Motion to Dismiss [Dkt. 9] is **GRANTED**, and Plaintiff's motions [Dkts. 6, 7, and 8] are **DENIED AS MOOT.** Plaintiff's Complaint is **DISMISSED WITH PREJUDICE.**

Plaintiff has filed a 257-page complaint that includes 61 counts across 685 paragraphs. The exhibits span hundreds of pages. Rule 8 requires pleadings to be "simple, concise, and direct." McCoy v. Providence J. Co., 190 F.2d 760, 766 (1st Cir. 1951); see Fed. R. Civ. P.

1

8(a)(2) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief"). Plaintiff's Complaint is anything but that. The First Circuit has affirmed the dismissal of complaints shorter and more concise than Plaintiff's 257-page complaint. See Jackson v. Polaroid Corp., Nos. 98-1486, 98-1645 (1st Cir. Jan. 4, 1999) (affirming the district court's dismissal of a 180–page complaint); Kuehl v. F.D.I.C., 8 F.3d 905, 908(1st Cir. 1993) (affirming the district court's dismissal of a 43–page, 358-paragraph amended complaint).

A complaint filed by a pro se plaintiff "is to be liberally construed" and it "must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (citations omitted). However, "minimal requirements are not tantamount to nonexistent requirements." Gooley v. Mobil Oil Corp., 851 F.2d 513, 514 (1st Cir. 1988). Even pro se plaintiffs must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 515.

The Court affords Plaintiff's Complaint this extra degree of leniency. Still, however, Plaintiff's Complaint fails to meet even the generous pleading standard reserved for pro se litigants. Specifically, Plaintiff's Complaint fails to "set forth factual allegations . . . necessary to sustain recovery under some actionable legal theory." Id. Two of Plaintiff's claims, identity fraud and discharge due to filing a complaint, do not provide for a private right of action. See generally M.G.L. c. 266, § 37E(b); M.G.L. c. 149, § 105B.

M.G.L. c. 266 is a criminal statute and, generally, there is no private right of action for criminal statutes in the absence of clear congressional intent. See Ritrovato v. United States Postal Serv. Fed. Credit Union, No. 23-1865, 2024 WL 1714663, at *1 (1st Cir. Mar. 21, 2024); see also Andrews v. Earl's Restaurants USA Inc., No. 19-CV-817-PB, 2019 WL 6879214, at *2

(D.N.H. Dec. 17, 2019) (holding that plaintiff's "claim for relief fails because no private right of action for damages exists under either the Massachusetts criminal identity theft statute or its federal counterpart.").

Similarly, there is no express language in M.G.L. c. 149, § 105B providing for a private right of action. In fact, an earlier section of the statute explains that the attorney general shall have enforcement powers. See M.G.L. c. 149, § 2 ("The attorney general shall, except as otherwise specifically provided, enforce the provisions of this chapter, and shall have all necessary powers therefor."). Other sections of M.G.L. c. 149 expressly provide for a private right of action. See, e.g., M.G.L. c. 149, § 150 ("An employee claiming to be aggrieved by a violation of sections 33E, 52E, 148, 148A, 148B, 148C, 150C, 152, 152A, 159C or 190 or section 19 of chapter 151 may . . . *institute and prosecute in his own name* and on his own behalf, or for himself and for others similarly situated, a civil action for injunctive relief, for any damages incurred, and for any lost wages and other benefits[.]") (emphasis added). The lack of similar clear language in M.G.L. c. 149, § 105B suggests that the legislature did not intend for this section to grant a private right of action. See Travers-Sheik v. Habit Mgmt., Inc., No. CIV.A.05 11631 GAO, 2006 WL 3775957, at *2 (D. Mass. Dec. 20, 2006) ("Massachusetts and federal courts generally are reluctant to infer [a private cause of action] in the absence of some indication from the legislature that one exists.").

There is no explicit private right of action, and one cannot be reasonably inferred in either M.G.L. c. 266, § 37E(b) or M.G.L. c. 149, § 105B. Accordingly, both claims will be dismissed for failure to state a claim upon which relief can be granted.

Lastly, Plaintiff asserts a negligence claim based on Defendant's "duty to create and maintain files" and their "duty to assure compliance." A negligence claim has four elements:

"(1) the defendant owed the plaintiff a duty of reasonable care; (2) the defendant breached that duty; (3) damage resulted; and (4) the defendant's breach caused that damage." Saldivar v. Racine, 818 F.3d 14, 20-21 (1st Cir. 2016).

Giving Plaintiff's Complaint a generous construction afforded to pro se parties, the Court still finds that Plaintiff's claim is devoid of the factual allegations needed to support the elements of negligence. By Plaintiff's own account, Plaintiff asked the Defendant to reflect his new legal name change in their system. [Dkt. 1 at ¶ 43]. The Defendant obliged and made the necessary changes. [Dkt. 1 at ¶ 45]. The Court finds that the Plaintiff has not plausibly alleged how any duty of reasonable care was breached. Moreover, Plaintiff does not present any facts connecting his alleged injury to Defendant's alleged negligence. See Downey v. Bob's Disc. Furniture Holdings, Inc., 633 F.3d 1, 10 (1st Cir. 2011). Without sufficient support for causation and breach, Plaintiff's negligence claim must fail.

The conclusory claims contained in Plaintiff's Complaint amount to nothing more than "the-defendant-unlawfully-harmed-me accusation[s]" and therefore cannot withstand Defendant's Motion to Dismiss. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Accordingly, Defendant's Motion to Dismiss [Dkt. 9] is **GRANTED** and the case **is DISMISSED WITH PREJUDICE**. Plaintiff's other motions [Dkts. 6, 7, and 8] are **DENIED AS MOOT**.

**SO ORDERED.**

Dated: August 6, 2024                                /s/ Angel Kelley
                                                                                     Hon. Angel Kelley
                                                                                     United States District Judge